## No. 850.

### J. M. Pool *v.* L. Fontelieu, Public Administrator.

Plaintiff claims a privilege on the buildings which he and his partner, now deceased, erected on a certain piece of ground to which neither of them claimed title, and for the erection of which he paid bills to a certain amount. But this the law does not allow. He stands in the position of a partner who has advanced his partner's proportion towards the construction of certain buildings. It is not to parties occupying such relations that privileges are given.

There was in this case no dispute about title to real estate. The only question was whether plaintiff could establish by witnesses that a house built on a certain piece of ground had been paid for by him. This court thinks he could.

The prescription of three years does not apply to a particular indebtedness in gold which is evidenced by a receipt and which is promised to be paid on demand; and if it came in the category of money loaned, prescription would only commence to run from demand. In the absence of proof to the contrary, the demand must be assumed to have been made only when his petition was served.

APPEAL from the Third Judicial District Court, parish of Iberia. *Train,* J. *Deblanc & Fournet* and *Schwing,* for plaintiff and appellant. *James A. Breaux,* for defendant and appellee.

Morgan, J. Pool claims to be a creditor of the succession of John W. Combs, now under administration, in the sum of four thousand and forty-five dollars and forty-seven cents, and claims a privilege for $1775 26 on certain property belonging to the succession, which sum he prays may be ordered to be paid in due course of administration.

Subsequently Pool, alleging that the administrator was about to sell certain property as belonging to the estate of Combs, one undivided half of which belonged to him (Pool) filed a third opposition as to a portion of the property advertised for sale, and applied for and obtained an injunction restraining the sale of the one undivided half thereof. The two proceedings were cumulated and consolidated. To the demand contained in the first petition, the administrator files a general denial. He further denies that any privilege exists, and

invokes the prescription of one and three years. Reconvening, he claims judgment against the plaintiff for $488 82, on an account stated in his reconventional demand. To the injunction he answers that no portion of the property sought to be sold belongs to the plaintiff in injunction. There was judgment in favor of the plaintiff for $1000 in currency and $250 in gold, with judicial interest from judicial demand, and the injunction was dissolved. The prescription pleaded was declared to be not available. This appeal is taken from the judgment referred to by the plaintiff.

Plaintiff and deceased were partners in the butchering business. On the eighth March, 1868, the deceased acknowledged an indebtedness to the plaintiff of $1000. This settlement was, however, subject to correction. On a certain lot of ground, to which neither of them claims title, they built a house. This house seems to have been occupied by the plaintiff. We think it established that after the settlement of the eighth March, 1868, the plaintiff paid bills on the house in question amounting to $1078 48. Admitting that these payments were made with partnership funds, still one-half thereof belonged to the plaintiff. This would make his interest in the property $534 20. Added to the acknowledged indebtedness of the eighth March, upon a settlement of accounts between the partnership, the deceased would owe the plaintiff $1534 20. We think it has been established that the deceased paid on account of the partnership $226 45, one-half of which is due by the plaintiff. Plaintiff is therefore entitled to a judgment on this part of the case for $1420 96. He claims a privilege on the buildings. But this the law does not accord to him. He stands in the position of a partner who has advanced his partner's proportion towards the erection of certain buildings. It is not to parties occupying such relations that privileges are given.

Defendant excepted to the introduction of parol testimony to prove title to the property in dispute, on the ground that it was an immovable, to which title could not be established by parol. The error in this position, it seems to us, is that no attempt was made to establish title to an immovable. The only question was whether plaintiff could establish by witnesses that a house, built on a certain piece of ground, had been paid for by him. We think he could.

As regards the claim for gold, the testimony has not satisfied us, as it did not satisfy the district judge that more than $250 had been established. This sum is evidenced by a receipt for, and a promise to return the same on demand. The prescription of three years, which is pleaded against it, does not apply. It was an acknowledgment of a particular indebtedness to be paid on demand, and if it came in the category of money loaned, prescription would only commence to run

from demand. In the absence of proof to the contrary, we would assume that the demand was only made when the petition was served.

It is therefore ordered, adjudged and decreed that the judgment of the district court be amended by allowing the plaintiff $1420 96 instead of $1000, in addition to the $250 in gold; and that in so far as the injunction prayed for is concerned, it be reversed, and that the injunction be made perpetual.

Rehearing refused.